SARTAIN, Judge.
This is an action for property damage to plaintiff’s trailer or van-type truck which *157 occurred in an accident at about 9:30 p. m. on January 19, 1966, in the City of Baton Rouge. The vehicle had been brought to defendant Toups for repairs earlier in the day and at the time of the accident was being driven back to plaintiff’s depot by one of Toups’ employees, defendant Richard Gautreau. As Gautreau was proceeding northward in the 900 block of North Foster Drive, the top right corner of plaintiff’s trailer struck an overhanging limb and the resulting damage to the trailer is the claim in this suit. In addition to Toups, Gautreau and Toups’ insurer, Liberty Mutual Insurance Co., which stipulated coverage, plaintiff also named as a defendant the State Department of Highways, alleging negligence in failing to cut back the limb which infringed upon the right-of-way of North Foster Drive, which is also part of State Highway 37.
The Department of Highways by third party petition sued the City of Baton Rouge alleging that the latter was responsible for clearing the highway right-of-way under the terms of a maintenance contract and was bound to indemnify the Department of Highways for the amount of any adverse judgment.
An adjacent property owner, originally a party defendant, was dismissed from this suit after proving to the court that the tree in question was not on his property.
The trial judge found for the plaintiff and held that the driver, Gautreau, “was negligent in not avoiding the limb which clearly was obstructing the height of said rig,” and that his negligence was imputable to his employer, Toups. The judge also held the Department of Highways solidarily liable to plaintiff on the main demand, but held that the City of Baton Rouge was bound to indemnify the Department of Highways under the terms of the maintenance contract between them. The amount of the damages was stipulated to be $3,245.36, including $150.00 for a towing charge.
For reasons hereinafter stated, we reverse the trial judge’s finding of liability on the part of Gautreau and Toups and affirm the finding of liability on the main demand on the part of the Department of Highways and the finding that the City of Baton Rouge as third party defendant is bound to indemnify the Department of Highways. We further amend that portion of the judgment which casts the Department of Highways for “all costs of these proceedings.”
The record reveals that it was raining on the night of the accident. Gautreau had left Toups’ place of business located about one thousand feet south of the overhanging limb, and was traveling in the right or outside north bound lane of North Foster Drive. In addition to being a four-lane state highway, North Foster Drive is also an official truck route in Baton Rouge. The trailer had a height of 12' 10", or less than the legal maximum height of 13' 6". Gautreau was proceeding at a speed of 20 to 25 miles per hour in fourth or fifth gear. He testified because of his slow speed and the presence of other vehicles overtaking him in the left or inside lane, he kept his vehicle near the right curb.
The limb in question did not hang horizontally over the road but rather grew at about a 45 degree angle in the pertinent segment, as shown by photographic evidence and a sketch introduced as a joint exhibit, so that the clearance above the inside edge of the curb was 12' and the clearance above a point 2' 10" out from the curb was 15'. Thus, the trailer was in danger of striking the limb only when it was within about 1' 6" of the curb.
The testimony also established that Gau-treau had been driving large equipment for Toups for four years and had other similar employment before that time, but that he had never driven a vehicle as high as the trailer involved herein; that the 900 block of North Foster Drive had residences along both sides and also a line of oak *158 trees along the right-of-way on both sides; and that neither Gautreau nor any other employee of Toups had ever been involved in such an accident before.
Defendants Toups and Gautreau contend that on these facts it was error for the trial judge to find that they had failed to exercise due care in protecting plaintiff’s vehicle. It is contended that a depository has no higher duty than to exercise the same diligence in caring for the thing deposited as he would exercise in caring for his own property. C.C. Art. 2937.
With this contention we must agree. Toups testified that, although he had no formal program of instruction for his employees in driving large equipment, he nevertheless satisfied himself that an employee was competent to operate such equipment before allowing him to do so by accompanying him on road tests. The correctness of his judgment in these matters is supported by the fact that his employees had never been involved in such an accident over a period of several years.
There was much testimony in the record relative to the practices of those in the trucking business in ascertaining hazardous conditions along their normal routes and posting a list of any hazards at their terminal or depot. Such hazards would include low power lines, underpasses and trees. But with respect to low trees, it was agreed by all witnesses that the greatest danger was in residential areas or on non-truck routes in a city. Although plaintiff contends that this accident occurred in a “residential” area, we are not persuaded that it should be so defined within the context of the testimony on the practice of drivers to watch for low limbs. As noted above, North Foster Drive is a four-lane state highway and an official truck route and the fact that there are a few residences in the 900 block does not justify defining it as a “residential” area. Rather, we think that in the absence of any prior notice of the obstruction to Toups or Gautreau (and in this case there was none), they were entitled to assume that the route was free from hazard to vehicles within the maximum legal dimensions. We therefore find that there was no prior negligence on the part of Toups as to the competence of his drivers or in failing to discover this hazard.
The finding by the trial judge of negligence on the part of Gautreau at the time of the accident for failing to see and avoid the limb is unreasonable under the circumstances. It was dark and raining and there were other vehicles on the road. The limb obstructed the legal air space over the right-of-way only by a matter of inches. We cannot agree with the statement of the trial judge, noted above, that the limb clearly was obstructing the height of the trailer. Recognizing the duty of a motorist to drive more carefully when visibility is poor, we nevertheless do not think that Gautreau was negligent in failing to see the limb.
The trial judge based his finding of liability on the part of the State Department of Highways on its failure to cut the limb after having notice that the limb constituted an obstruction to traffic. The Department had intended to cut the limb previously but its crew instead acquiesced in the requests or demands of the adjoining property owner, one Williamson, to leave the tree alone. We agree with the trial judge that the protestations of Williamson cannot excuse the Department of Highways for failing to maintain this right-of-way in safe condition.
The pertinent part of the maintenance contract under which the Department of Highways seeks indemnification from the City of Baton Rouge reads as follows:
“ARTICLE V. The municipality shall cut or otherwise control weeds, grass, trees, and other vegetation, flush and clean drainage facilities, maintain and operate traffic signals, sweep and clean the roads and streets and be responsible for the general policing and maintenance *159 of all facilities within the designated, dedicated or apparent right of way not otherwise provided for herein, and will not in the future permit encroachments on the rights of way of said roads and streets.”
The City of Baton Rouge contends that since the tree limb in question already encroached upon the right of way at the time of the contract, it did not constitute an encroachment “in the future” and thus the City was not responsible for its removal. Without becoming involved in a discussion of whether “in the future” refers to the point in time at which the City assumed responsibility or to the point in time that the encroachment arose, we think that such a strained interpretation as suggested by the City does violence to the clear wording and intent of the contract. Conceding ar-guendo that the meaning is not clear, it appears from the record that the City did, in fact, intend to cut the limb but its crew met the same objections from Williamson as did the crew of the Department of Highways. Inasmuch as the actions of the City indicate its belief that it was responsible for cutting this limb under the contract, we have no hesitation in finding that the failure to do so was negligence and we affirm the finding of the trial judge that the City must indemnify the Department of Highways. See La.C.C. Art. 1956.
Lastly, L.R.S. 13:4521 provides that the state and its subdivisions are not liable for court costs except for stenographers’ costs for taking testimony. Therefore, that portion of the judgment assessing all costs against the Department of Highways in the main demand (and against the City of Baton Rouge by way of indemnification in the third party demand) should be amended to comply with that statute.
For the above and foregoing reasons, the judgment appealed from is reversed insofar as it holds defendants, Richard Gau-treau, Felix Toups and Liberty Mutual Insurance Company, liable to plaintiff and plaintiff’s suit as to those defendants is dismissed. The judgment in favor of plaintiff, Braswell Motor Freight Lines, Inc., and against the defendant, Louisiana Department of Highways, on the main demand is amended to provide that the amount of the judgment against said defendant is the sum of $3,245.36, plus legal interest thereon from date of judicial demand until paid and such costs as are authorized by law, and, as amended, is affirmed. The judgment in favor of the third party plaintiff, the Louisiana Department of Highways, and against the third party defendant, the City of Baton Rouge, is amended to provide that the amount of the judgment is $3,245.36, plus legal interest thereon from date of judicial demand until paid and such costs as are authorized by law, and, as amended, is affirmed. The costs of this appeal shall be paid by the City of Baton Rouge to the extent authorized by law.
Reversed in part, amended and affirmed in part, and rendered.